**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 21 WELFARE FUND,
BRIAN COURTIEN, in his official capacity as a fiduciary,
2980 Southampton-Byberry Road
Philadelphia, PA 19154,

and

INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,
7234 Parkway Drive
Hanover, MD 21076,

Plaintiffs,

v.

PONNS & CO. INC.
PO Box 368
616 2nd Street
Essignton, PA 19029,

Defendant.

**COMPLAINT**

Plaintiffs, by the undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

## VENUE

2. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

3. Plaintiff, International Union of Painters and Allied Trades District Council 21 Welfare Fund ("Welfare Fund")[1], is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from

4. Plaintiff, Brian Courtien, is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. He has a business address listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

5. The Welfare Fund and Brian Courtien are authorized collection fiduciary(ies) and agent(s) for:

(a) IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b) IUPAT District Council No. 21, an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Effective June 1, 2022, IUPAT District Council 711 was merged into and succeeded by IUPAT District Council No. 21 and the combined entity is referred

[1] International Union of Painters and Allied Trades is hereinafter abbreviated as "IUPAT."

to herein as "Union." At all times relevant to this Complaint, the Union was the collective bargaining agent for the covered employees of Defendant, Ponns & Co. Inc., for work performed in Pennsylvania and New Jersey; and

(c) IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT DC 21 Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 PA Funds"); and

(d) DC21 NJ Vacation Fund f/k/a International Union of Painters and Allied Trades District Council 711 Vacation Fund; FTI of the Mid-Atlantic Region f/k/a District Council 711 Finishing Trades Institute; New Jersey Industrial Painters Association, Inc. Industry Advancement Fund; DC21 NJ Labor Management Fund/Joint Trade Board f/k/a District Council 711 Labor Management Fund; IUPAT DC21 NJ PAC f/k/a IUPAT District Council 711 Political Action Fund; Safety Training Recognition Awards Program ("STARS"); District Council 711 Health and Safety Monitoring Fund; and District Council 21 Job Targeting Program f/k/a District Council 711 Job Targeting Program (altogether "DC 21 NJ Funds").

6. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within

the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").

(a) The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Pension Fund in the caption of this Complaint.

(b) The Pension Fund is an authorized collection fiduciary(ies) and agent(s) for the International Union of Painters and Allied Trades ("IUPAT"), International Painters and Allied Trades Industry Annuity Plan ("IPAT Annuity"), Labor Management Cooperation Fund ("LMCF"), Finishing Trades Institute ("FTI"), and International Political Action Committee ("IPAC").

7. The Welfare Fund is an authorized collection agent for the Pension Fund for signatory employers within the geographic jurisdiction of the Union (i.e., Pennsylvania and New Jersey). Under this arrangement, the Welfare Fund collects all amounts owed for the Pension Plan, IPAT Annuity, LMCF, FTI, IPAC, and IUPAT (altogether with DC 21 PA Funds and DC 21 NJ Funds, "Funds") as required by the Labor Contract and forwards them on to the Pension Fund.

8. The Welfare Fund, Annuity Fund, Apprenticeship Fund, Scholarship Fund Pension Fund, and any Funds to the extent they qualify as qualified employee benefit plans under ERISA, are jointly or severally referenced as "ERISA Funds."

9. Based on information available to the Funds, Defendant, Ponns & Co, Inc. ("Defendant" or "Company") is a Pennsylvania corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office in New Jersey at the address listed in the caption. Company does business with the Funds that is sufficient to create personal jurisdiction over Company in this district and a

substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

10. Company was party to or agreed to abide by the terms and conditions of one or more collective bargaining agreement(s) (singly or jointly, "Labor Contract") with the Union. A true and correct copy of the Labor Contract, including Company's signature pages thereto, is attached as Exhibit 1.

11. Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Welfare Fund ("Welfare Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan and other governing documents for the Welfare Fund. The Welfare Fund governing documents include, but are not limited to, the Welfare Fund's Collection Policy. True and correct copies of the Welfare Trust Agreement and the Collection Policy are attached as Exhibits 2 and 3 respectively.

12. Under the Labor Contract, Trust Agreements, plan documents, or other governing documents of the Funds, Defendant agreed:

(a) To make full and timely payment on a regular basis to the Funds, as required by the Labor Contract, Trust Agreements, and plan documents. Ex. 1, Labor Contract, Art. 13.

(b) To file regular remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, Labor Contract, Art. 13.

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds

and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements or plans. Ex. 1, Labor Contract, Art. 13.

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b), and (c). Ex. 1, Labor Contract, Art. 13.

13. Based on remittance reports that Company submitted to the Funds, Company performed work covered by the Labor Contract for at least the period June 2024 through August 2025 and did not submit all contributions owed.

14. Based on remittance reports that Company submitted to the Funds, Company owes the DC 21 NJ Funds a total of $76,988.07 (consisting of $70,061.63 in delinquent contributions for the period December 2025 through March 2026, $72.59 for cost of an audit, and $6,853.85 in liquidated damages and interest).

15. Based on remittance reports that Company submitted to the Funds, Company owes the Pension Plan a total of $12,495.70 (consisting of $7,629.63 in delinquent contributions, $1,525.96 in liquidated damages, and $3,340.14 in interest).

16. The Labor Contract, ERISA Funds' governing documents, and Collection Policy also require Defendant to pay the Funds interest on late-paid contributions, liquidated damages, audit costs, and attorney costs and fees incurred in the cost of collection.

17. The Funds were unsuccessful in their attempts to amicably resolve this delinquency with Company before filing a lawsuit.

18. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS DUE UNDER CONTRACT

**PLAINTIFFS**
**v.**
**DEFENDANT**

19. The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20. Defendant failed to make complete and timely contributions to the NJ Funds as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

21. Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the Labor Contract, Trust Agreements, and Plan in at least the amount of $116,018.307 for the period December 2025 through March 2026, in violation of 29 U.S.C. § 1145.

22. The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendant in favor of the Plaintiffs individually for the amount of contributions owed, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT II – CONTRIBUTIONS DUE UNDER ERISA**

**ERISA FUNDS**
**v.**
**DEFENDANT**

23. The allegations of Paragraph 1 through 22 are incorporated by reference as if fully restated.

24. Defendant failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

25. Based on information currently available to the ERISA Funds, Defendant failed to timely pay amounts due to the Funds under the Labor Contracts, Trust Agreements and Plan for the period December 2025 through March 2026 in violation of 29 U.S.C. § 1145.

26. The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant in favor of the ERISA Funds individually for the contributions found due and owing, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment; and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

BY: *__/s/__* __Vlad Kachka__

Vlad K. Kachka, Esquire
PA ID 326318
230 S. Broad Street, Ste. 1650
Philadelphia, PA 19102
215.732.0101
vkachka@spearwilderman.com
*Attorney for Plaintiffs*

Dated: September 23, 2026